**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                               No. 96-4661

MARION MADISON DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-96-53)

Submitted: October 7, 1997

Decided: October 29, 1997

Before HAMILTON and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James O. Broccoletti, ZOBY & BROCCOLETTI, P.C, Norfolk, Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, Kevin
M. Comstock, Assistant United States Attorney, Norfolk, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Marion Madison Davis was convicted of one count of possession of cocaine base with intent to distribute. He challenges the district court's denial of his pre-trial motion to suppress evidence and the sufficiency of the evidence underlying his conviction. We affirm.

I.

On December 12, 1995, Officers Stubbs and Slaughter were each in a marked patrol car, when they observed a vehicle traveling at a high rate of speed. Both officers proceeded to follow the car, and Stubbs estimated that the car was traveling twenty-five miles over the speed limit. Stubbs pulled the car over and asked the driver, Appellant Davis, for a driver's license and vehicle registration.

Davis produced a driver's license in his name, and a rental car agreement in the name of Lindell Arrington, who he said was his brother. No drivers, other than Arrington, were listed on the rental agreement. While Stubbs was reading the rental agreement, he observed Davis making "furtive" movements with his hands near the central console area. Stubbs asked Davis to exit the vehicle and place his hands on the car. Davis continued making the furtive movements. Stubbs drew his gun, because he believed Davis was reaching for a weapon.

Davis then exited the vehicle, holding a brown paper bag in his hands, and immediately fled on foot. Stubbs and Slaughter pursued. Davis ran through an apartment complex where he stopped next to a shrub. Stubbs observed Davis discard the brown paper bag into the shrub and saw a white object fall from the bag. No one else was observed near the shrub, and the bag (which contained another white object) and the white object on the ground were the only items found

2

in or near the shrub. After following Davis briefly, Stubbs returned and retrieved the bag and the white objects, which turned out to be cocaine base with a street value of $35,000. Slaughter subdued and arrested Davis. The officers returned to the vehicle and searched it, recovering more cocaine base and a small amount of marijuana.*

II.

Davis contends that, when Stubbs ordered him out of his car at gunpoint, the routine traffic stop was altered into a more intrusive probable cause arrest. Davis asserts that this seizure was illegal and that the evidence abandoned as a result of this illegality must be suppressed. On the facts of the case, the claim is without merit.

It is undisputed that, because the officers observed a traffic violation, the initial stop did not violate the Fourth Amendment. See United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993). After making a proper traffic stop, a law enforcement officer may conduct a protective search aimed at uncovering concealed weapons if the officer "possesses a reasonable belief based on `specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officer in believing that the suspect is dangerous." Michigan v. Long, 463 U.S. 1032, 1049 (1983) (quoting Terry v. Ohio, 392 U.S. 1, 21 (1968)).

We find that the facts of this case support the officer's actions. Stubbs accumulated sufficient information, by the time he attempted to frisk Davis, to have "reasonable grounds to believe that [Davis] was armed and dangerous." Terry, 392 U.S. at 30. The car was rented in the name of Lindell Arrington; Davis was not listed on the rental agreement as an authorized driver; Davis asserted that Arrington, a person with a different last name, was his brother; and Davis made furtive movements near the central console area and had something in his hand that the officer could not see. We find that these factors together amount to reasonable suspicion. See United States v. Sokolow, 490 U.S. 1, 9 (1989).

_____

*Davis was acquitted of two counts of the indictment charging him with possession of the controlled substances found in the car.

3

Our conclusion that the attempted pat-down was proper is buttressed by the nature of the encounter--"roadside encounters between police and suspects are especially hazardous." Michigan, 463 U.S. at 1049. We therefore find that, when Stubbs ordered Davis from the car with his weapon drawn, he did not violate the Fourth Amendment. As such, the district court properly admitted the seized cocaine base into evidence.

III.

We review a denial of a motion for acquittal under a sufficiency of evidence standard. Fed. R. Crim. P. 29; see United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992)."To sustain a conviction[,] the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the Government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Davis asserts that Stubbs' failure to immediately stop and recover the brown paper bag broke the chain of custody and resulted in a gap of time when the bag was out of his sight. As such, anyone could have placed the bag and cocaine base in the shrub. However, circumstantial evidence need not exclude every reasonable hypothesis of innocence. See United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989).

Testimony disclosed that Davis placed the brown bag in the shrub, and a white object fell to the ground. While the shrub was out of the officers' sight for a short period of time, no one else was observed near the shrub, and the bag and white objects, later determined to be cocaine base, were the only items found in the shrub. A narcotics investigator testified that the amount of cocaine base was inconsistent with personal use. See United States v. Wright , 991 F.2d 1182, 1187 (4th Cir. 1993) ("[I]ntent to distribute the controlled substance can be inferred if the quantity is larger than what normally would be consumed for personal use."). Taken as a whole, these facts are sufficient

4

for a reasonable jury to find that Davis possessed the cocaine base with intent to distribute.

Accordingly, we affirm Davis's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5